UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADRIAN ARROYO,

        Plaintiff,

v.

COUNTY OF CONTRA COSTA, DEPUTY RECTOR; DEPUTY JONES; DEPUTY CONIGLIO, DEPUTY DEROLETTE, SERGEANT RAFANAN, SERGEANT BAILY, and DOES 1-15,

        Defendants.

No. C 08-4335 PJH (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a prisoner at the Martinez Detention Facility in Contra Costa County, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

Venue is proper in this district because a substantial part of the events giving rise to the action occurred in this district. See 28 U.S.C. § 1391(b).

**DISCUSSION**

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (per curium) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Plaintiff alleges that defendant Rector unnecessarily beat him and contorted his back so as to injure his spine.  This is sufficient to state a claim against Rector.  Plaintiff's allegations that the county was aware of Rector's pattern of using excessive force and that its policies and customs encouraged use of excessive force are sufficient to state a claim against the county.

Plaintiff also alleges that defendants Baily and Rafanan "were notified and approved of actions of the other defendants [in] this incident."  This is insufficient to state a section 1983 claim against Baily and Rahanan, because they are not alleged to have participated in the alleged violation of plaintiff's rights, nor are they alleged to have been present and failed to intervene.

Plaintiff asserts that "defendants" were involved in the search that led to Rector's use of force, that "defendants" restrained him when no longer necessary, and, in his

2

second claim for relief, that "[s]aid individual defendants were callously indifferent to the risk of harm that their conduct would cause by either beating the plaintiff or allowing others to beat him." These allegations are insufficient to state a plausible claim against the remaining individual defendants Jones, Coniglio, and Drolette, because plaintiff does not say specifically what each is alleged to have done, and his general use of the word "defendants" obviously does not really mean "all defendants," because Baily and Rafanan were not even present.

In his second claim for relief plaintiff alleges that "[t]he individual defendants further deprived plaintiff or caused him to be deprived of necessary care for serious medical conditions." There are no factual allegations regarding this claim at all, and again, it appears unlikely that all defendants are meant.

Plaintiff also has provided no allegations regarding any of the Doe defendants, so has not stated a claim against any of them.

Finally, plaintiff alleges in paragraph four of his complaint that he "invokes pendant claims," apparently referring to state law claims, but lists only two casues of action, both of which are described as section 1983 claims.

For these reasons the complaint will be dismissed with leave to amend.

## CONCLUSION

1. For the foregoing reasons, the complaint is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in dismissal of all claims except those against Rector and the county.

///

1      2.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:  October 30, 2008.

_____
PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.08\ARROYO4335.DWLTA.wpd

4