UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADRIAN ARROYO,

          Plaintiff,                   No. C 08-4335 PJH (PR)

    v.                                **ORDER OF SERVICE**

COUNTY OF CONTRA COSTA;
DEPUTY RECTOR; DEPUTY JONES;
DEPUTY CONIGLIO, DEPUTY
DEROLETTE, SERGEANT RAFANAN,
SERGEANT BAILY, and DOES 1-25,

          Defendants.
                                   /

       This is a civil rights case brought pro se by a prisoner at the Martinez Detention Facility in Contra Costa County. The complaint was dismissed with leave to amend in the initial review order. Plaintiff has amended.

       In the dismissal the court noted that plaintiff had stated a claim against defendant Rector and against the county for excessive force, but that the other claims were not sufficient to state a claim. The amended complaint realleges the facts regarding the use of force and that it was pursuant to a custom or practice of the county, so he again has stated a claim against those defendants. In addition, he alleges that defendants Jones, Coniglio, and Derolette participated in the excessive force by holding him down. This is sufficient to state a claim against them.

       In the amendment plaintiff has omitted any claims against defendants Rafanan and Baily, so they are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

///

**CONCLUSION**

1. The claims against defendants Rafanan and Baily are **DISMISSED** with prejudice.

2. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint with attachments and copies of this order on the following defendants: County of Contra Costa, Deputy Rector, Deputy Jones, Deputy Coniglio, and Deputy Derolette. Plaintiff says they can be found at the Contra Costa County Sheriff's Department.

3. In order to expedite the resolution of this case, the court orders as follows:

   a. No later than sixty days from the date of service, defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date their summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

   b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

///

1  c. If defendants wish to file a reply brief, they shall do so no later than fifteen
2  days after the opposition is served upon them.

3  d. The motion shall be deemed submitted as of the date the reply brief is
4  due. No hearing will be held on the motion unless the court so orders at a later date.

5  4. All communications by plaintiff with the court must be served on defendants, or
6  defendants' counsel once counsel has been designated, by mailing a true copy of the
7  document to defendants or defendants' counsel.

8  5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
9  No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the
10  parties may conduct discovery.

11  6. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court
12  informed of any change of address by filing a separate paper with the clerk headed "Notice
13  of Change of Address." He also must comply with the court's orders in a timely fashion.
14  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to
15  Federal Rule of Civil Procedure 41(b).

16  **IT IS SO ORDERED.**
17  Dated: December   15   , 2008.
18  PHYLLIS J. HAMILTON
   United States District Judge

28  G:\PRO-SE\PJH\CR.08\ARROYO4335.SRV.wpd